**'09 CIV 7518**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ANTHONY ARRIGO, Individually, and
on Behalf of All Others Similarly Situated,

      Plaintiffs,

      v.

BLUE FISH COMMODITIES, INC., and
ANDREW FISHER,

      Defendants.

Case No.

ECF Case

RECEIVED
AUG 27 2009
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiff Anthony Arrigo ("Arrigo"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, for his Complaint against Defendants Blue Fish Commodities, Inc. ("Blue Fish") and Andrew Fisher (collectively "Defendants"), states as follows:

## JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Wage and Hour Law, and the New York Labor Articles 6 and 19 and the New York Codes Rules and Regulations §§138-2.1 *et. seq.* ("New York Labor Articles") to recover unpaid overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2.    Jurisdiction over Plaintiff's FLSA claims is based upon Section 16(b) of the FLSA, 29 U.S.C. §16(b), and upon 28 U.S.C. §1331.

3.    The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.    Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.    Plaintiff Arrigo is a former account executive employed by Defendants who has been subjected to Defendants' illegal compensation practices.

6.    Plaintiff was employed by Defendants as a broker in New York County, New York within the last three years.

7.    Defendants provide a full-service commodity brokerage to consumers in the State of New York and throughout the country.

8.    At all relevant times, Blue Fish has been an employer as defined by the FLSA and the New York Labor Articles.

9.    At all relevant times, Defendant Andrew Fisher has been the Chief Executive Officer of Blue Fish.  In this capacity, Fisher exercised operational control over Blue Fish; controlled significant business functions of Blue Fish; determined employee salaries and made hiring decisions; and acted on behalf of and in the interest of Blue Fish in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Blue Fish account executives challenged in this Complaint.  As such, at all relevant times, Defendant Fisher has been an employer under the FLSA and the New York Wage and Hour Law.

10.    This Court has personal jurisdiction over Defendants under N.Y.C.P.L.R. §§ 301 and 302 as a result of the following during the relevant time period:

(a)    Defendants have continuously, regularly, permanently, purposively, and systematically engaged in a course of business, and has otherwise been present, within New York (availing itself of the legal privileges of doing business within New York) by, *inter alia*, maintaining, possessing, and operating offices within New York; selling commodity-related goods within New York to New York residents and others; and entering into contracts with individuals (including account executives) within New York to provide employment services at its New York offices.

(b)    The statutory violations alleged herein involving account executives who have worked at Blue Fish's New York offices have arisen directly from, and are substantially related to, Blue Fish's transacting of business and contracting within New York, namely, *inter alia*, contracting with, employing, and otherwise doing business with Plaintiff Arrigo and other account executives at Blue Fish's New York offices.

(c)    Defendants have committed the statutory violations alleged herein involving account executives who have worked at Blue Fish within New York; and Blue Fish has regularly done and solicited business within New York and derived substantial revenue from goods used and consumed, and served rendered, within New York; used and possessed real property within New York; and derived substantial revenue from interstate commerce.

## FACTS

11.    Defendants operate a brokerage company that has been operating in the mortgage business during the statutory period.

12.    Plaintiff Arrigo and all other similarly situated persons are current and former account executives who have been employed by Defendants.

3

13. All account executives employed by Defendants during the applicable limitations periods have had essentially the same job duties.

14. Pursuant to Defendants' uniform written company-wide polices and procedures, Plaintiff's primary duty was to sell commodities futures.

15. Defendants employed other individuals whose primary duty had been to sell commodities futures (hereinafter referred to as "account executives").

16. Defendants have employed other account executives who have performed the same or similar duties as Plaintiff Arrigo.

17. Defendants managed Plaintiff's employment as well as all other account executives' employment, including the amount of overtime worked. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies of Blue Fish.

18. Defendants' wage and hour practices and policies have been uniform and centrally disseminated.

19. Per Defendants' uniform company-wide policies, Plaintiff and all similarly situated account executives have been compensated primarily on commission basis.

20. At all relevant times, Plaintiff and all similarly situated account executives routinely worked in excess of 40 hours per week without receiving overtime compensation. Plaintiff and the similarly situated account executives were required to arrive early and work late. They frequently worked on weekends.

21. At no time has Plaintiff or any other similarly situated account executive been paid for the overtime hours they worked.

4

22.     In accordance with Defendants' uniform, company-wide employment practices and policies, Defendants have not properly paid Plaintiff overtime compensation during their employment.

23.     In accordance with Defendants' uniform, company-wide employment practices and policies, Defendants have not properly paid overtime compensation to any other similarly situated account executives.

24.     Neither Plaintiff nor the similarly situated account executives have been required to record their time worked, and Defendants failed to maintain accurate time records as required by the FLSA and the New York Labor Articles.

## GENERAL ALLEGATIONS

25.     Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

26.     Plaintiff Arrigo, individually, and on behalf of all similarly situated current and former employees of Defendants, including their subsidiaries and affiliated companies, brings this action as a collective class action under the FLSA to recover, *inter alia*, unpaid   overtime compensation, liquidated damages, and statutory penalties owed to Plaintiff and all other similarly situated account executives employed by, or formerly employed by, Defendants, including their subsidiaries and affiliated companies.

27.     Defendants' routine practice of failing to pay Plaintiff and all similarly situated employees   overtime compensation when these employees worked in excess of 40 hours per week violates the FLSA and the New York Labor Articles.

28.     Defendants failed to pay overtime wages to Plaintiff and other similarly situated account executives during their employment by intentionally, willfully, and improperly designating the position of account executive as exempt from overtime requirements.

29.     As a result of this unlawful practice, Plaintiff and the similarly situated employees have suffered a loss of wages.

### COLLECTIVE ACTION ALLEGATIONS OF THE FLSA CLASS OF ACCOUNT EXECUTIVES

30.     Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

31.     Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of himself and the following class of persons:

> All persons who worked as Blue Fish account executives or any other similarly titled position at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

32.     Plaintiff and other members of the FLSA Class are similarly situated because, *inter alia*, they have all had similar duties; performed similar tasks; been subjected to the same requirements under the FLSA to be paid   overtime wages unless properly exempted thereunder; been subjected to similar pay plans; been required to work and have worked in excess of 40 hours per week; and have not been paid at a rate of 1.5 times their respective regular rates of pay for all overtime hours worked.

33.     Defendants have encouraged, permitted, and required Plaintiff and other members of the FLSA Class to work more than 40 hours per week without overtime compensation.

34.     Defendants have known that Plaintiff and other members of the FLSA Class have performed work that has required overtime compensation.   Nonetheless, Defendants have operated under a scheme to deprive Plaintiff and other members of the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

35.     Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA Class.

### COUNT I

6

## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO PAY OVERTIME

36.    Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

37.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

38.    Defendants are subject to the overtime pay requirements of the FLSA because Blue Fish is an enterprise engaged in commerce and its employees are engaged in commerce.

39.    At all times material to this action, Plaintiff and all members of the FLSA Class have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §201, *et. seq.*

40.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

41.    By the above-alleged conduct, Defendants violated the FLSA by failing to pay members of the FLSA Class overtime compensation as required by the FLSA.

42.    Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime pay requirements set forth in Section 207(a)(1) of the FLSA, 29 U.S.C. §207(a)(1) of the FLSA. None of the FLSA's overtime exemptions apply to Plaintiff or the other members of the FLSA Class because, *inter alia*, they have not been paid on a salary basis and have not otherwise met the requirements for coverage under any exemptions. Moreover, upon

7

information and belief, account executives were and are subject to pay deductions by Defendants that defeat any claim to exemption.

43.    Plaintiff and the other members of the FLSA Class are victims of a uniform company-wide compensation policy.  This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA Class and has deprived them of overtime compensation.

44.    In the course of perpetrating these unlawful practices, Defendants have failed to keep accurate records of all hours worked by account executives.

45.    Defendants have acted willfully and have known or shown reckless disregard for the matter of whether their conduct has violated the FLSA, and have not acted in good faith with respect to the conduct alleged herein.

## STATE-WIDE CLASS ALLEGATIONS

46.    Plaintiff Arrigo also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself individually and on behalf of all other members of the FLSA Class who, during the relevant statute of limitations period, have worked as account executives at any of Blue Fish's offices in New York, with respect to the claims pleaded in Count II of this Complaint.

47.    Fed. R. Civ. P.23(b)(3) provide that a cause of action may be maintained as a class action if:

  a)  The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

  b)  There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

  c)  The claims or defenses of the representative parties are typical of the claims or defenses of the class;

8

d) The representative parties will fairly and adequately protect the interests of the class; and,

e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definitions

48. Plaintiff seeks certification of a class consisting of:

All persons who have worked as Blue Fish account executives or similarly titled positions, at any of Blue Fish's offices within the State of New York during the statutory period ("New York Class").

### Numerosity

49. Plaintiff satisfies the numerosity requirements as the proposed classes consist of hundreds of class members. The proposed classes can be identified and located using Blue Fish's payroll and personnel records. Therefore, the classes are so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this action by direct mail based upon and/or published and broadcast notice.

### Common Questions of Fact or Law

50. There are questions of fact and law common to each class that predominate over any questions affecting only individual members. The questions of law and fact common to each class arising from Defendants' actions include, without limitation, the following:

a) Whether the class members have qualified for exempt status;

b) Whether Defendants conducted an analysis of class members' compensation before failing to pay them overtime compensation;

c) Whether Defendants conducted an analysis of class members' duties and tasks before failing to pay them overtime;

d) Whether account executives have been uniformly classified as exempt;

9

e)  Whether Defendants failed to pay Plaintiff and class members all compensation due to them;

f)  Whether Plaintiffs were expected or required to work in excess of 40 hours per week;

g)  Whether Plaintiffs regularly worked in excess of 40 hours per week;

h)  Whether Defendants kept accurate records of actual account executive time worked;

i)  Whether Defendants' practice violated the overtime provisions of the New York Labor Articles;

j)  Whether Defendants' failure to pay overtime has been willful, and whether it has been undertaken in good faith; and,

k)  Whether Plaintiff and members of the classes have suffered damages and what the proper measure of those damages is.

51.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

52.    Plaintiff's claims are typical of the claims of the class members.  Named Plaintiff suffered similar injuries as those suffered by other members of the respective classes they seek to represent as a result of Defendants' failure to pay overtime compensation.

## Adequacy

53.    Plaintiff is an adequate representative of the class he seeks to represent because he is a member of such class, and his interests do not conflict with the interests of the members of the class he seeks to represent.  The interests of the class members will be fairly and adequately protected by Plaintiff and his undersigned counsel.  Plaintiff has hired competent attorneys who

10

are experienced in class action litigation of this type and who are committed to prosecuting this action.

## Superiority

54.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.  Moreover, as the damages suffered by each class member may be relatively small, the expense and burden of individual litigation would make it difficult for Plaintiffs to bring individual claims.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair, or impede the ability of class members to protect their interests.

## COUNT II
## VIOLATION OF THE NEW YORK LABOR ARTICLES 6 and 19 and NYCRR §§142-2.1 *et seq.*
## FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

55.    Plaintiff repeats and re-alleges the allegations set forth in each of the paragraphs above.

56.    New York law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and in the manner and methods provided by the FLSA. 12 NYCRR§142-2.2.

57.    By the above-alleged conduct, Defendants failed to pay members of the New York Class overtime compensation as required by the New York Labor Articles.

58.    Plaintiff and the other members of the New York Class are and were not exempt from the overtime provisions of the New York Labor Articles, because, *inter alia*, they have not been paid

11

on a salary basis, and they have not met the requirements for any exemptions. Moreover, upon information and belief, account executives were and are subject to pay deductions by Defendants that defeat any claim to exemption.

59.     Account executives compensated primarily on a commission basis are not otherwise exempt from the requirement of overtime premium pay.

60.     Plaintiff and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor Articles, has been applied to all members of the New York Class and has deprived them of overtime compensation.

61.     In the course of perpetrating these unlawful practices, Defendants willfully failed to keep accurate records of all hours worked by account executives in violation of the New York Labor Articles.

62.     Defendants have acted willfully and have known or shown reckless disregard for the matter of whether their conduct has violated the New York Labor Articles, and Defendants have not acted in good faith with respect to the conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, demand judgment against the Defendants and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of their damages, the costs of this action and as follows:

A.     Order Defendants to file with this Court and furnish to counsel a list of all FLSA Class Members;

12

B. Authorize Plaintiff's counsel to issue notice at the earliest possible time to FLSA Class Members, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

C. Certify the New York Class under Fed. R. Civ. P. 23(b)(3);

D. Declare and find that Defendants committed one or more of the following acts:

   i. Willfully violated the overtime provisions of the FLSA and the New York Labor Articles;

E. Award compensatory damages, including all minimum wage and overtime compensation owed, in an amount according to proof;

F. Award liquidated damages on Plaintiff's FLSA claims only. Plaintiffs specifically waive any claims to liquidated damages under the New York Labor Articles;

G. Award interest on all overtime compensation due accruing from the date such amounts were due;

H. Award all costs and attorney's fees incurred in prosecuting this action;

I. Grant leave to add additional Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and

J. Provide such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: August 26, 2009

Respectfully Submitted

Erik H. Langeland (EL-7512)
Erik H. Langeland, P.C.
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com